UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THOMAS BOSTIC and DIANE
DOUGLAS-QUICK,

                   Plaintiffs,

  -against-

JOSE L. MARTY and UNITED STATES
POSTAL SERVICE,

                   Defendants.
-------------------------------------------------------------------X

COMPLAINT

Civil Action No.

      Plaintiffs, THOMAS BOSTIC and DIANE DOUGLAS-QUICK, by their attorneys, BURNS & HARRIS, as and for a Complaint herein, respectfully sets forth and alleges:

      1.    That at all times herein mentioned, the defendant, THE UNITED STATES POSTAL SERVICE, was and still is a corporation, agency, sovereign and body politic.

      2.    That at all times herein mentioned, the defendant, THE UNITED STATES POSTAL SERVICE, is a constituent department or body of the UNITED STATES OF AMERICA, and that the said defendant, THE UNITED STATES POSTAL SERVICE, is under the direction and control of the UNITED STATES OF AMERICA.

      3.    That heretofore, and on December 21, 2021 the plaintiffs did file with the aforesaid agency, SF-95s on behalf of each plaintiff, by FedEx Overnight Mail, claims for personal injury caused by the negligence, wrongful acts and/or omissions of the employees of the Government while acting within the course and scope of their authority and said claim was filed within two years from the date of the accident which gave rise to the claim pursuant to 28 U.S.C.§2401(b).

4. That thereafter the defendant, UNITED STATES POSTAL SERVICE acknowledged receipt of the claims filed on behalf of plaintiffs by letter dated December 30, 2021, and advising that the claims would be adjudicated withing six months from December 21, 2022. The six months have elapsed and said claims have not been adjudicated or denied to date.

5. That these claims are brought under and by virtue of the Federal Tort Claims Act, US Code Annotated Judiciary and Judicial Procedure, 28 US Code, §1346(b), and other applicable statutes and precedents.

6. That the matter in controversy, exclusive of interest and costs, exceeds the sum of $50,000.00 as to plaintiff, THOMAS BOSTIC.

7. That the matter in controversy, exclusive of interest and costs, exceeds the sum of $50,000.00 as to plaintiff, DIANE DOUGLAS-QUICK.

8. That venue is proper under 28 U.S.C. 1402 as the events giving rise to the claim occurred within this judicial district.

9. That by reason of the foregoing, this Court has jurisdiction over this matter.

## AS AND FOR A FIRST CAUSE OF ACTION

10. That at all times mentioned herein, the defendant UNITED STATES POSTAL SERVICE, was the owner of a motor vehicle bearing New York State Plate No. 8870967.

11. That at all times mentioned herein, the defendant UNITED STATES POSTAL SERVICE, maintained said motor vehicle bearing New York Plate No. 8870967.

12. That at all times mentioned herein, the defendant UNITED STATES POSTAL SERVICE, managed said motor vehicle bearing New York Plate No. 8870967.

13. That at all times mentioned herein, the defendant JOSE L. MARTY was the operator of said motor vehicle bearing New York Plate No. 8870967.

14. That at all times mentioned herein, the defendant JOSE L. MARTY operated said motor vehicle bearing New York State License No. 8870967 with the knowledge, permission and consent, expressed or implied, of the defendant UNITED STATES POSTAL SERVICE.

15. That at all times mentioned herein, the defendant JOSE L. MARTY was employed by the defendant UNITED STATES POSTAL SERVICE.

16. That at all times mentioned herein, the defendant JOSE L. MARTY was in the course of his employment at the time and place of this accident.

17. That at all times mentioned herein, the defendant JOSE L. MARTY operated said motor vehicle within the course and scope of his duties as an agent, servant, and/or employee of the defendant UNITED STATES POSTAL SERVICE.

18. That at all times mentioned herein, the defendant JOSE L. MARTY, controlled said motor vehicle bearing New York Plate No. 8870967.

19. That at all times mentioned herein, the public roadways located in the vicinity of 315 Empire Boulevard, approximately 50 feet East of Nostrand Avenue, County of Kings, City and State of New York are public roadways and thoroughfares in common use by the residents of the State of New York and others.

20. That at all times mentioned herein, the plaintiff, THOMAS BOSTIC was the owner of a 2010 Hyundai motor vehicle bearing South Carolina license plate No. NXB807.

21. That at all times mentioned herein, the plaintiff, THOMAS BOSTIC was

the operator of a 2010 Hyundai motor vehicle bearing South Carolina license plate No. NXB807.

22. That on the 6th day of August, 2020, the plaintiff, THOMAS BOSTIC was operating said motor vehicle on the public roadways in the vicinity of 315 Empire Boulevard, approximately 50 feet East of Nostrand Avenue, County of Kings, City and State of New York.

23. That on the 6th day of August, 2020, plaintiff, DIANE DOUGLAS-QUICK, was a passenger in the 2010 Hyundai motor vehicle bearing South Carolina license plate No. NXB807 being operated by plaintiff, THOMAS BOSTIC, on the public roadways in the vicinity of 315 Empire Boulevard, approximately 50 feet East of Nostrand Avenue, County of Kings, City and State of New York

24. That on the 6th day of August, 2020, the defendant JOSE L. MARTY was operating the said motor vehicle owned by the defendant UNITED STATES POSTAL SERVICE on the public roadway in the vicinity of 315 Empire Boulevard, approximately 50 feet East of Nostrand Avenue, County of Kings, City and State of New York.

25. That on the 6th day of August, 2020, the motor vehicle of the defendants came into contact with the motor vehicle owned and operated by plaintiff, THOMAS BOSTIC.

26. That on the 6th day of August, 2020, the motor vehicle of the defendants came into contact with the motor vehicle owned and operated by plaintiff, THOMAS BOSTIC in the vicinity of 315 Empire Boulevard, approximately 50 feet East of Nostrand Avenue, County of Kings, City and State of New York.

27. Specifically, plaintiff, THOMAS BOSTIC was traveling Westbound on Empire Boulevard 50 feet east of Nostrand Avenue when the defendant, JOSE L. MARTY, as the driver of the UNITED STATES POSTAL SERVICE vehicle, in the course and scope of his employment with the UNITED STATES POSTAL SERVICE, backed into and came into contact with the motor vehicle owned and operated by plaintiff, THOMAS BOSTIC, thereby causing the accident between the BOSTIC vehicle and the USPS vehicle.

28. That by reason of the foregoing, the plaintiff, THOMAS BOSTIC was severely and seriously injured.

29. That the foregoing accident and the resulting injuries to the plaintiffs were caused solely by reason of the carelessness and negligence on the part of the defendants, and without any negligence on the part of the plaintiffs contributing thereto.

30. That the defendants, their agents, servants and/or employees were careless and negligent in the ownership, operation, maintenance, management, use and/or control of their motor vehicle, and defendants were otherwise careless and negligent under the circumstances then and there prevailing; that said driver was negligent in the manner in which he drove said motor vehicle; failed to yield to the right of way of oncoming traffic and specifically to the plaintiff who had the right of the way; negligently backing up his vehicle without regard for oncoming traffic, and specifically plaintiff's vehicle; that said driver violated the Vehicle and Traffic Laws of the City and State of New York and failed to observe those rules and regulations for the safe driving of a vehicle as promulgated by the defendant, UNITED STATES

POSTAL SERVICE.

31. That by reason of the foregoing, plaintiff, THOMAS BOSTIC, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and he will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and/or in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

32. Specifically, plaintiff, THOMAS BOSTIC sustained a right shoulder rotator cuff tear involving supraspinatus and infraspinatus tendons, avascular necrosis of superior humeral head and tear of the anterior labrum with avulsion of the anterior glenoid periosteum. He sustained a left shoulder tear of the anterior labrum, tear of the inferior labrum, rotator cuff tear at the anterior supraspinatus tendon. He sustained a left knee tear of the medial meniscus, tear of the lateral meniscus, complete tear of the anterior cruciate ligament and tear of the medial collateral ligament. He sustained a L5-S1 herniation, L4-L5 disc bulge, L2-L3 disc bulge and L3-L4 disc bulge. He also sustained C3-C4 and C4-C5 disc herniation with impingement on the nerve roots and C5-C6 and C6-C7 disc herniations with nerve root impingement.

33. That at a result of the foregoing, plaintiff, THOMAS BOSTIC suffered a

serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York.

34. That as a result of the foregoing, plaintiff, THOMAS BOSTIC sustained serious injuries and economic loss greater than basic economic loss as defined by Section 5102(a) of the Insurance Law of the State of New York.

35. That by reason thereof, plaintiff, THOMAS BOSTIC is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of 'basic economic loss' as set forth in Section 5102(a) of the Insurance Law of the State of New York.

36. That plaintiff, THOMAS BOSTIC is a 'covered person' as defined by Section 5102(j) of the Insurance Law of the State of New York.

37. That by reason thereof, plaintiff, THOMAS BOSTIC is entitled to recover for non-economic loss and for such economic losses s are not included within the definition of "basic economic loss" as set forth in Section 5102(a) of the Insurance Law of the State of New York.

38. That by reason thereof, plaintiff, THOMAS BOSTIC is entitled to recover for non-economic loss and for all economic losses sustained.

39. That plaintiff, THOMAS BOSTIC is not seeking to recover any damages for which plaintiff, THOMAS BOSTIC has been reimbursed by no-fault insurance and/or for which no fault insurance is obliged to reimburse plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no fault insurance under the Federal Tort Claims Act.

40. That by reason of the foregoing, plaintiff has been damaged in the sum

of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

41. Plaintiffs repeats, reiterates and realleges each and every allegation as contained in the First Cause of Action of the within Verified Complaint with the same force and effect as though each were more fully set forth at length herein.

42. That by reason of the foregoing, the plaintiff, DIANE DOUGLAS-QUICK was severely and seriously injured.

43. That the foregoing accident and the resulting injuries to the plaintiffs were caused solely by reason of the carelessness and negligence on the part of the defendants, and without any negligence on the part of the plaintiffs contributing thereto.

44. That the defendants, their agents, servants and/or employees were careless and negligent in the ownership, operation, maintenance, management, use and/or control of their motor vehicle, and defendants were otherwise careless and negligent under the circumstances then and there prevailing; that said driver was negligent in the manner in which he drove said motor vehicle; failed to yield to the right of way of oncoming traffic and specifically to the plaintiff who had the right of the way; negligently backing up his vehicle without regard for oncoming traffic, and specifically plaintiff's vehicle; that said driver violated the Vehicle and Traffic Laws of the City and State of New York and failed to observe those rules and regulations for the safe driving of a vehicle as promulgated by the defendant, UNITED STATES POSTAL SERVICE.

45. That by reason of the foregoing, plaintiff, DIANE DOUGLAS-QUICK, was

severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and she will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and/or in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

46.  Specifically, plaintiff, DIANE DOUGLAS-QUICK sustained a left shoulder rotator cuff tear of the supraspinatus tendon, tear of the infraspinatus tendons, labrum tear and slap tear with arthroscopy, synovectomy, subacromial decompression, anterior acromioplasty, debridement of the labrum and rotator cuff repair; Right shoulder rotator cuff tear involving supraspinatus, infraspinatus and subscapularis tendons and slap tear extending to the anterior superior labrum; L3/L4 Disc Bulge; C6/7 Herniation with impingement on nerve root; C4-C5 and C5-C6 disc bulge; a Right Knee Trabecular fracture of the medial tibial plateau, tear of the medial meniscus and tear of the anterior cruciate ligament; Left Knee synovitis, grade IV chondromalacia of patellofemoral joint, torn medial and lateral meniscus, arthroscopy of left knee, synovectomy, removal of loose body, chondroplasty of patellofemoral joint and partial medial and lateral meniscectomy.

47.  That at a result of the foregoing, plaintiff, DIANE DOUGLAS-QUICK suffered a serious injury including fractures as defined by Section 5102(d) of the

Insurance Law of the State of New York.

48. That as a result of the foregoing, plaintiff, DIANE DOUGLAS-QUICK sustained serious injuries and economic loss greater than basic economic loss as defined by Section 5102(a) of the Insurance Law of the State of New York.

49. That by reason thereof, plaintiff, DIANE DOUGLAS-QUICK is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of 'basic economic loss' as set forth in Section 5102(a) of the Insurance Law of the State of New York.

50. That plaintiff, DIANE DOUGLAS-QUICK is a 'covered person' as defined by Section 5102(j) of the Insurance Law of the State of New York.

51. That by reason thereof, plaintiff, DIANE DOUGLAS-QUICK is entitled to recover for non-economic loss and for such economic losses s are not included within the definition of "basic economic loss" as set forth in Section 5102(a) of the Insurance Law of the State of New York.

52. That by reason thereof, plaintiff, DIANE DOUGLAS-QUICK is entitled to recover for non-economic loss and for all economic losses sustained.

53. That plaintiff, DIANE DOUGLAS-QUICK is not seeking to recover any damages for which plaintiff, DIANE DOUGLAS-QUICK has been reimbursed by no-fault insurance and/or for which no fault insurance is obliged to reimburse plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no fault insurance under the Federal Tort Claims Act.

54. That by reason of the foregoing, plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION

55. Plaintiffs repeats, reiterates and realleges each and every allegation as contained in the First and Second Causes of Action of the within Verified Complaint with the same force and effect as though each were more fully set forth at length herein.

56. That at all times mentioned herein, it was the duty of the defendant UNITED STATES POSTAL SERVICE, its agents, servants and/or employees to entrust the use of its motor vehicle to suitable, competent, qualified, experienced, trained, diligent and adequate persons.

57. That at all times mentioned herein, it was the duty of the defendant UNITED STATES POSTAL SERVICE its agents, servants and/or employees to ensure that its said motor vehicle was entrusted, for use and operation as a vehicle, to persons who were fit, suitable, properly trained and instructed.

58. That at all times mentioned herein, it was the duty of the defendant UNITED STATES POSTAL SERVICE, its agents, servants and/or employees to ensure that its said motor vehicle was not entrusted, for use and operation as a vehicle, to persons who constituted a potential menace, hazard or danger to the public or otherwise, those with unsuitable propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated to safely operate such vehicle.

59. That by reason of the negligence of defendant UNITED STATES POSTAL SERVICE, its servants, agents and/or employees, in negligently entrusting its motor vehicle to defendant operator, defendant JOSE L. MARTY, plaintiffs were caused to

suffer severe injuries and damage, without fault or want of care on the part of plaintiffs in any way contributing thereto, thereby causing them extreme physical, mental and emotional illness and distress, as well as severe physical, mental and emotional injuries that are permanent in nature and duration.

60. That by reason of the foregoing, plaintiff THOMAS BOSTIC has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

61. That by reason of the foregoing, plaintiff DIANE DOUGLAS-QUICK has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

WHEREFORE, plaintiff, THOMAS BOSTIC demands judgment against the defendants in the sum of TEN MILLION ($10,000,000.00) DOLLARS as to his First Cause of Action; plaintiff, DIANE DOUGLAS-QUICK demands judgment against the defendants in the sum of TEN MILLION ($10,000,000.00) DOLLARS as to her Second Cause of Action; plaintiff, THOMAS BOSTIC demands judgment against the defendants in the sum of TEN MILLION ($10,000,000.00) DOLLARS as to the Third Cause of Action; and plaintiff, DIANE DOUGLAS-QUICK demands judgment against the defendants in the sum of TEN MILLION ($10,000,000.00) DOLLARS as to the Third Cause of Action, together with the costs and disbursements of this action, and with

interest from the date of this accident.

Dated:     New York, New York
             August 3, 2022

                                        Yours, etc.,

                                        BURNS & HARRIS
                                        Attorneys for Plaintiff

                                        IRWIN J. WEINSTEIN (IW 7866)
                                        233 Broadway, Suite 900
                                        New York, New York 10279
                                        (212) 393-1000

## ATTORNEY'S VERIFICATION

IRWIN J. WEINSTEIN, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at BURNS & HARRIS, attorneys of record for Plaintiff herein. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except as to those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

I make the foregoing affirmation because Plaintiff is not presently in the county wherein I maintain my offices.

DATED:    New York, New York
         August 3, 2022

_____
IRWIN J. WEINSTEIN